UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAMELA K. BREITER,

    Plaintiff,

v.

JO ANNE BARNHART, Commissioner of Social Security,

    Defendant.

Case No. C04-5853RJB

ORDER ON DEFENDANT'S
MOTION FOR CLARIFICATION

    The above captioned matter is before the court on Defendant's motion for clarification of remand order (Doc. # 24), which has been referred to the undersigned for consideration.

    On January 1, 2006, the Court adopted the undersigned's recommendation to reverse the administrative decision and remand the matter for an award of appropriate disability benefits. Defendant now seeks clarification of certain issues, and the court notes that plaintiff has not filed any pleading in response to the motion or issues presented by defendant. Defendant specifically asks the following questions:

    (i) Did the ALJ defacto reopen the Title II application of August 19, 1997;

    (ii) Which application date: August 19, 1997 or August 9, 1999 is the proper effectuation date for Title II benefits;

    (iii) Did the ALJ reopen the June 30, 1997, Title XVI application; and

    (iv) If so, what would be the proper Title XVI effectuation date?

After reviewing the motion and that balance of the record to extend the court's briefing schedule, the court hereby directs counsel to conform to the following new briefing schedule:

ORDER
Page - 1

The court, after reviewing the motion, responds as follows to Defendant's motion for clarification:

The undersigned concluded in the report and recommendation that the administration had failed to properly consider the medical evidence supporting Ms. Breiter's claim of disability, and recommended that the matter be remanded, "to the administration with directions to award *appropriate* disability benefits" (italics added for emphasis). The key inquiry and the gist of defendant's request for clarification is what is "appropriate."

The administration, not the court, is in the best position to calculate an award of benefits to plaintiff, including the specific amount and/or the specific term of benefits in this matter. That being said, plaintiff's most recent social security application was filed on or about July 15, 1999, alleging disability since June 5, 1997, due to Hepatitis C and Depression. Tr. 74. She had previously filed an application for social security benefits on August 19, 1997, alleging disability since the same date, June 5, 1997. Tr. 71.

The medical evidence does not necessarily support a disability that began on or about June 5, 1997, but at some point later the evidence and presumably, plaintiff's pain and symptoms progressed to the point that it was clear that she was not able to perform any work. The court noted this progression when it referred to the opinion of Dr. Asher, stating, "Dr. Asher opined that the level of Plaintiffs functional limitations went back to at least Dr, Bruce's report in May 2001." The court further noted that Dr. Bruce had only been treating Ms. Breiter since 1999, and that Dr. Bruce opined, on June 29, 2000, that Plaintiffs limitations met Listing 12.04.

As noted above the court is not in a position to determine the exact starting point or the term of benefits that should be awarded, but it would appear that the medical evidence produced by Ms. Breiter supports benefits beginning as early as September 1999 and no later than June 2000. When the court recommended remand for the administration to award appropriate benefits, this did not preclude the administration from further reviewing or developing the record, if necessary, to make necessary findings and determinations relevant to awarding benefits to plaintiff in this case, within those time parameters.

DATED this 31st day of March, 2006.

    /s/ J. Kelley Arnold
    J. Kelley Arnold
    United States Magistrate Judge